Burton C. Fletcher, Plaintiff-Appellant, v. State Security Insurance Company, a Corporation, Defendant-Appellee.

Gen. No. 68–200.

Second District.

July 30, 1969.

Rehearing denied December 3, 1969.

Kamin, Stanley, Burtker and Steinberg, of Chicago, for appellant.

Robert L. Brody and George J. Gore, of Chicago, for appellee.

PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court.

In this case, the trial court allowed the defendant's motion to dismiss the complaint and the plaintiff appeals.

The complaint alleges that on February 24, 1967, the plaintiff was insured by the defendant under a "Family Combination Automobile Policy" containing uninsured motorist coverage and that he fully complied with the terms and agreements set forth therein. It further alleges, that on the above date, the plaintiff was involved in a motor vehicle collision with an auto operated by one Ed G. Lienhardt who was negligent and failed to comply

with the Financial Responsibility Law (Ill Rev Stats 1965, c 95½, § 7–101 et seq.). Because Lienhardt was not insured, the plaintiff contends that the "uninsured automobile" provision of his policy should be effective. It is also alleged that plaintiff attempted to commence arbitration proceedings by naming an arbitrator but that the defendant had failed to name an arbitrator. The complaint prays that the court select an arbitrator to determine the rights of the plaintiff and the defendant and assess attorney's fees and costs. A copy of the policy was attached to the complaint.

The defendant filed a motion to dismiss alleging that the uninsured motorist provision of its policy did not apply while the plaintiff was driving his employer's truck. This motion was allowed. A subsequent motion to vacate the allowance was denied. It appears that at the time of the accident, the plaintiff, who was employed by the United States Post Office Department, was driving a mail truck furnished to him by his employer for use during his daily route.

The question presented by the appeal is whether or not the insured, under the policy provisions in this case, was afforded uninsured motorist coverage while operating his employer's vehicle which was regularly furnished to him.

Plaintiff maintains that this injury is clearly covered by the terms of the language of the policy and not precluded by the exclusionary clause. Defendant maintains that there is no coverage because the plaintiff was not operating a nonowned automobile at the time of this occurrence and, therefore, coverage is excluded.

To understand the issues it is necessary to set out some portions of the policy in question.

Part IV contains six separate divisions, each with many subdivisions which, inter alia, contain the following:

"Coverage J—Family Protection (Damages for Bodily Injury). To pay all sums which the insured or

his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, . . . sustained by the insured, . . . ."

The following paragraph, entitled "Definitions," provides:

"The definitions under Part I, except the definition of 'insured' apply to Part IV, and under Part IV:

". . .

" 'insured automobile' means:

". . .

"(d) a non-owned automobile while being operated by the named insured; . . . ."

The Exclusion provision of the policy provides:

"Exclusions. This policy does not apply under Part IV:

"(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile; . . . ."

Part I (Liability) of the policy, which is referred to in the Definitions section of Part IV, contains the following definition:

" 'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile; . . . ."

The coverage provision, when read alone, provides coverage to the plaintiff when struck by the operator of an uninsured automobile for damages occasioned by bodily injury in such a collision. If this were the only provision of the policy there would be no question. Para-

93

graph (a) of (Exclusions) excludes coverage while the insured occupies an automobile owned by him or a relative other than an "insured automobile." The postal truck in question was not owned by the insured or a relative and, therefore, the language outside the parentheses, as above quoted, is not applicable. However, the language inside the parentheses provides that he is covered when he is occupying "an insured automobile."

Under the section entitled "Definitions," an "insured automobile" is defined in four subparagraphs. Paragraph (d), pertinent here, identifies a "non-owned automobile while being operated by the named insured" as an "insured automobile." A "non-owned automobile" is not defined in Part IV of the policy; however, under the last quoted section, the definitions set forth under Part I apply. Part I (Liability) defines a non-owned automobile as one "not owned by or furnished for the regular use of either the named insured or any relative . . . ."

With this background, our attention is drawn to the case of Voelker v. Travelers Indemnity Co., 260 F2d 275, (CA 7th, 1958), wherein a provision very similar to the one in question, concerning a liability insurance policy defining a nonowned automobile, was ruled upon. In that case the plaintiff was an Illinois National Guardsman traveling from Chicago to an encampment in Minnesota. While driving a military truck in a convoy he struck an automobile. The auto operator brought suit against him. He filed suit for declaratory judgment in the Circuit Court of Cook County against the defendant insurer praying for a determination of whether or not the insurer had a duty to defend him in the suit brought by the motorist. The cause was transferred to the Federal District Court on the grounds of diversity of citizenship. There the trial court held in favor of the defendant-insurer, and the plaintiff appealed.

The Circuit Court of Appeals held that the National Guard vehicle furnished to him was a vehicle furnished

for the regular use of the insured even though he had not previously driven this particular truck but that similar vehicles were furnished him while acting in the performance of his duties as a member of the National Guard. The court also reviewed cases from other jurisdictions which had arrived at the same conclusion. The reasoning of the court in the Voelker case is persuasive and applicable to this case.

Accordingly, we hold that the mail truck used by the plaintiff was furnished for his regular use and, consequently, not a "non-owned automobile" as defined by this specific policy and, therefore, excluded from coverage under the uninsured motorist provision of the defendant's policy.

The judgment of the trial court will, therefore, be affirmed.

Judgment affirmed.

ABRAHAMSON and DAVIS, JJ., concur.