BUCKEYE UNION INS. CO., APPELLEE, *v.* BRADLEY, APPELLANT.

[Cite as Buckeye Union v. Bradley
(1972), 33 Ohio App. 2d 144.]

(No. 72AP-219—Decided December 12, 1972.)

*Messrs. Wright, Harlor, Morris & Arnold,* for appellee.
*Mr. Curtis H. Porter,* for appellant.

HOLMES, J. This matter involves an appeal of a summary judgment granted to the plaintiff in a declaratory

judgment action, as brought in the Court of Common Pleas of Franklin County.

The facts in brief are that the defendant, Donald E. Bradley, appellant herein, purchased a policy of family automobile insurance from the plaintiff insurance company, and subsequently was involved in an accident while driving a mail truck in the course of his employment with the United States Postal Service. The automobile with which the defendant collided was uninsured.

The defendant's insurance policy contained an uninsured motorist endorsement entitled "Family Protection Coverage" with the following pertinent provisions:

"Part IV—Family Protection Coverage

"Coverage J—Family Protection (Damages for Bodily Injury)

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

"* * *

"Definitions

"The definitions under Part I, except the definition of 'insured', apply to Part IV, and under Part IV:

" 'insured' means:

" (a) the named insured and any relative;

" (b) any other person while occupying an insured automobile; and

" (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above.

"" * * *

" 'insured automobile' means:
"" * * *

"(d) a non-owned automobile while being operated by the named insured; and the term 'insured automobile' includes a trailer while being used with an automobile described in (a), (b), (c) or (d) above, but shall not include: (1) any automobile or trailer owned by a resident of the same household as the named insured, (2) any automobile while used as a public or livery conveyance, or (3) any automobile while being used without the permission of the owner."

"Part I—Liability
"" * * *

"Definitions
"Under Part I: * * *

" 'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile * * *."

The plaintiff company, denying coverage on the policy, brought a declaratory judgment action for a construction and interpretation of such provisions, alleging in the complaint that the endorsement against injury by an uninsured motor vehicle was not applicable in the instance of the operation by the insured of a nonowned motor vehicle furnished for his regular use.

The trial court, in granting the plaintiff's motion for a summary judgment, held that the defendant was not a person insured under the facts and the policy of insurance under consideration. Also, the court found that no coverage is afforded the defendant while he is operating a government vehicle furnished for his regular use in conjunction with his employment.

The appellant sets forth two assignments of error as follows:

"1. The trial court erred in its summary judgment declaring that defendant was not a person insured within the meaning of plaintiff's policy (Exhibit A to plaintiff's complaint) and that no coverage is afforded to defendant while

operating a government vehicle furnished for his regular use in connection with his employment with the United States Postal Service.

"2. The trial court erred in not granting to defendant-appellant, the named insured, in a policy of insurance (Exhibit A, plaintiff's Complaint) issued by plaintiff-appellee in the state of Ohio, insuring against bodily injury resulting from the operation of an uninsured motor vehicle, a summary judgment declaring defendant-appellant to be afforded coverage under the uninsured motorist provision of said policy of insurance while operating a United States Postal Service motor vehicle as an employee he suffers bodily injury caused by the operation of an uninsured motor vehicle; and that he is entitled as the named insured to submit to arbitration his claim for damages."

We agree with the defendant's assignments of error. Under a strict interpretation of such policy, as against the insuring company who wrote its terms, coverage should have been determined in favor of the insured.

Ohio, as do many other states, requires, by virtue of R. C. 3937.18, that insurance companies writing automobile liability insurance offer coverage to the insured under such policies for damage or injury occasioned by uninsured motorists.

The rights created by, and the general nature of, such coverage were set forth in the case of *Motorists Mutl. Ins. Co.* v. *Tomanski* (1971), 27 Ohio St. 2d 222, wherein the court stated, at page 223: "The rights of the insured are spelled out by R. C. 3937.18, as being, 'for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury.' "

Quoting from *Horne* v. *Superior Life Ins. Co.* (1962), 203 Va. 282, 123 S. E. 2d 401, 404, the court in *Tomanski* stated that "It is not the purpose of the uninsured motorist law to provide coverage for the uninsured vehicle, but its object is to afford the insured additional protection in the event of an accident."

In the next paragraph, the court in *Tomanski* stated:

"Uninsured motorists' insurance is not liability insurance but resembles limited accident insurance. It insures him against losses occasioned by a limited group of tortfeasors. *Hein* v. *Nationwide Mutl. Ins. Co.* (1965), 106 N. H. 378, 381, 213 A. 2d 197."

The trial court herein, in granting summary judgment for the plaintiff, held that the definition of an "insured automobile," as set forth in Part IV (d), includes "a non-owned automobile while being operated by the named insured," and that such definition would be applicable to this insured defendant.

The trial court then proceeded to point out that a "non-owned automobile" was further defined by the definitions under Part I, which definitions, with the exception of "insured," were incorporated by reference in Part IV. In such definition section, under Part I, we find that a "non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.

There are three categories of persons who are covered or insured under Part IV—the Family Protection Coverage section—of the insurance policy. The initial reference to the "insured" under "Definitions" is "the named insured and any relative" of the insured.

Secondly, such section of the policy sets forth the next category of "insured" to be "any other person while occupying an insured automobile."

The third category referred to is "any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above."

We hold that that definition of "insured automobile" which encompasses a "non-owned vehicle" and the further definition excluding nonowned vehicles "furnished for the regular use of the named insured," are not applicable to this insured defendant.

It is our view that the definition of "insured automobile" may reasonably be interpreted as being applicable

to subsection (b) of the definitions of "insured," and would then be applicable only in reference to "any other person while occupying an insured automobile," and not to subsection (a) with reference to "the named insured."

Such a holding is in accord with the only other reported Ohio case specifically on the subject—that of *Motorists Mut. Ins. Co.* v. *Bittler* (1968), 14 Ohio Misc. 23. In that case, the Court of Common Pleas of Cuyahoga County recognized that, under a standard uninsured motorist endorsement, the named insured therein is not excluded from coverage while operating a nonowned vehicle furnished for his regular use. The court held that the named insured under such endorsement was covered at all times and under all circumstances. Judge McMonagle stated, at page 32 as follows:

"Thus, the uninsured motorists coverage was applicable if, at the time of sustaining injury, Mr. Bittler, a named insured, was occupying the Ford described in his policy, or was on foot, or on horseback, or while sitting in his rocking chair on his front porch or while occupying a nonowned automobile furnished for his regular use, including the Plymouth occupied by him on November 2,, 1961. This so-called uninsured protection is limited personal accident insurance chiefly for the benefit of the named insured."

It would appear that the Supreme Court of Ohio also follows such view that the coverage of the "named insured" is in a different category from coverage of "any other persons" as used in these types of policies. In the case of *Ohio Farmers Ins. Co.* v. *Wright* (1969), 17 Ohio St. 2d 73, in construing an "uninsured motorist" endorsement of a policy and, more specifically, the definition of an "insured," the court stated, at page 78:

"While 'any other person' can only meet the qualifications of an 'insured' under the endorsement 'while occupying an insured automobile,' this clearly was not true as to Wright, the 'named insured.' "

The trial court herein also relied upon the "Exclusions" section of the policy in holding that there was no

coverage under the policy. The exclusion cited by the court is as follows:

"This policy does not apply under Part IV:

"(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile."

The trial court, in support of his denial of coverage pursuant to such exclusion, cited with approval the reasoning as set forth in an Illinois case—that of *Fletcher* v. *State Security Ins. Co.* (1969), 114 Ill. App. 2d 91, 254 N. E. 2d 650. The Illinois court was, by unusual coincidence, construing a policy containing the same terms as considered herein, and the named insured in the Illinois case was also the driver of a United States postal truck.

The Illinois court stated in its decision at 93, 254 N. E. 2d at 652, as follows:

"Paragraph (a) of (Exclusions) excludes coverage while the insured occupies an automobile owned by him or a relative other than an 'insured automobile.' The postal truck in question was not owned by the insured or a relative and, therefore, the language outside the parentheses, as above quoted, is not applicable. However, the language inside the parenthesis provides that he is covered when he is occupying 'an insured automobile.' "

We feel that such exclusion as found in the policy is written for, and applicable to, other automobiles as owned by the insured or a relative of the insured, which other automobile is not set forth or named in the policy. Such type of clause was undoubtedly inserted in this policy form by the insurance company to avoid coverage on any other vehicle as owned by the insured which is not specifically referred to as covered by the uninsured motorist endorsement.

Such inclusion could well have been precipitated by the holding of *Ohio Farmers Ins. Co.* v. *Wright, supra,* which held, in effect, that in the absence of such exclusion another vehicle owned by the insured was covered under such uninsured motorist endorsement.

To apply such clause of exclusion to include an automobile or truck not owned by the named insured is, we believe, adding words or phrases that are just not present in such clause or anywhere else in the policy.

At best, the language in the policy, both as it relates to the exclusion clause and the applicability of the definition of "insured vehicle" as to this insured, is quite confusing.

If the company, in drafting the policy under consideration, had wished to place the "named insured" in the same category as the other people who are referred to as "insureds," within Part IV of the policy, such would have been an easy task of draftsmanship. But such was not accomplished, even though it may well have been the intent so to do.

Any doubts as to the meaning and interpretation of such policy must be resolved in favor of the insured.

As stated by Justice Leach in *Ohio Farmers Ins. Co.* v. *Wright, supra,* at page 78: "It is one of the best-known principles of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer. 30 Ohio Jurisprudence 2d 225, Section 215."

The judgment of the trial court is therefore reversed and the matter is remanded for further proceedings according to law.

*Judgment reversed.*

TROOP, P. J., and STRAUSBAUGH, J., concur.