CURTIS BANDY, Plaintiff-Appellee, *v.* STATE SECURITY INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 76-277

Opinion filed July 25, 1977.—Rehearing denied August 31, 1977.

Leon M. Fineberg, of Brody, Gore & Fineberg, of Chicago, for appellant.

Roger K. O'Reilly, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Curtis Bandy, brought this action in declaratory judgment in the circuit court of Du Page County for a determination of rights under a policy of insurance sold to him by defendant, State Security Insurance Company. The trial court determined that Bandy had uninsured motorist coverage under the policy and denied Bandy's claim for an award of attorney's fees for alleged vexatious refusal of defendant to arbitrate this dispute.

State Security appeals from the declaration of coverage under its insurance policy and Bandy cross-appeals from the denial of attorney's fees.

In March 1973, Bandy purchased a "Family Combination Automobile Policy" from State Security under which he was the named insured. In May of that year, while the policy was in full force and effect, Bandy received personal injuries while riding as a passenger on the back of a motorcycle being operated by a friend which was struck by a vehicle being operated by an uninsured motorist. Neither Bandy nor any relative of his was an owner of either vehicle involved in the collision.

Bandy's policy contained an uninsured motorist clause and he made a claim under that provision for his personal injuries which was refused by State Security as was Bandy's demand for arbitration. This action followed.

The primary question presented for review is whether Bandy is entitled to uninsured motorist coverage under the insurance policy for the bodily injuries received as a result of the collision.

■■ Illinois requires, by virtue of section 143a of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 755a), that every motor vehicle liability insurance policy sold in this state shall contain uninsured motorist coverage in an amount not less than the limits described in the Safety Responsibility Law (Ill. Rev. Stat. 1976, ch. 95½, par. 7—203). The purpose of the statute is "* * * to place the policyholder in substantially

the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the Financial Responsibility Act." *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 4, 269 N.E. 295, 297.

The pertinent portion of the uninsured motorist coverage provision of Bandy's policy states that the company agrees:

"Part IV—Family Protection Coverage

Coverage J—Family Protection (Damages for Bodily Injury). To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured, caused by accident and arising out of the * * * use of such uninsured automobile * * *."

Bandy would clearly be entitled to coverage on the facts of this case if that were the only pertinent portion of the policy. This obligation of the policy is not limited by its terms to whether the insured is a pedestrian, operating or occupying any type of vehicle or by the ownership of such vehicle when the insured is injured by an uninsured motorist.

State Security, however, contends that the following exclusion provision contained in the policy bars recovery by Bandy:

"Exclusions. This policy does not apply under Part IV: (a) to bodily injury to an insured while occupying an automobile or any motor vehicle (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile or other motor vehicle * * *."

State Security directs our attention to that portion of the exclusion outside the parentheses suggesting it is not applicable to this case in that Bandy, the named insured, did not own the motorcycle nor did a relative of his and we must, therefore, look only to that portion within the parentheses which, defendant argues, provides that the insured is covered only when he is occupying "an insured automobile." State Security then concludes that inasmuch as the vehicle upon which Bandy was a passenger when injured was not "an insured automobile" as defined in the insurance policy[1] he is not covered.

Bandy contends, however, that Exclusion (a) must be considered in total in order to determine the intent of the clause and that, in context, the parenthetical language, "other than an insured automobile," acts only to withdraw from the general exclusion the situation where the policy owner is occupying an automobile declared and insured under the policy. Not to include the parenthetical phrase in considering Exclusion (a) would

[1] The parties do not dispute that the motorcycle was not within the policy defined categories, *e.e.*, (a) an automobile described in the policy, (b) an automobile acquired by the insured during the policy period, (c) a temporary substitute automobile for an insured automobile, and (d) a nonowned automobile being operated by the named insured.

necessarily result in the absurd conclusion that the policy holder would be excluded from this coverage because he was occupying an automobile which he owned at the time of an injury even though it was named in the declaration section of the policy and for which coverage he had paid a premium.

The meaning of the same or similar exclusion clauses has been heretofore considered by courts of review. In *Home Indemnity Co. v. Hunter* (1972), 7 Ill. App. 3d 786, 789-90, 288 N.E.2d 879, 882, the court determined that under a virtually identical clause uninsured motorist coverage was provided to the insured,

> " * * * in a wide variety of situations, including, of course, while he was in the insured automobile. It would have provided him coverage were he a pedestrian. [Citations.] It would have afforded him coverage were he a spectator in an auto race. [Citation.] In sum, this coverage protected Lawrence Hunter in any situation in which he or his legal representative became legally entitled to recover damages for injury caused by the operation of an uninsured automobile. The coverage, however, did not apply if Lawrence Hunter suffered bodily injury 'while occupying an automobile,' one owned by him or by a relative but not insured by Home."

And, again, in *Rodish v. Standard Mutual Insurance Co.* (1976), 44 Ill. App. 3d 949, 951, 358 N.E.2d 1187, 1189, in considering such clause the court stated, "Exclusion (a) specifically applies to an insured while he is occupying an automobile owned by the named insured or a relative." The court held that since the insured there was a pedestrian not occupying any automobile at the time of the accident the exclusion was not at all applicable.

The same exclusion clause has also been considered by an Ohio appellate court where in *Buckeye Union Insurance Co. v. Bradley* (1972), 33 Ohio App. 2d 144, 293 N.E.2d 109, 113, it is said,

> "We feel that such exclusion as found in the policy is written for, and applicable to, other automobiles as owned by the insured or a relative of the insured, which other automobile is not set forth or named in the policy. Such type of clause was undoubtedly inserted in this policy form by the insurance company to avoid coverage on any other vehicle as owned by the insured which is not specifically referred to as covered by the uninsured motorist endorsement.
>
> Such inclusion could well have been precipitated by the holding of Ohio Farmers Ins. Co. v. Wright, *supra*, which held, in effect, that in the absence of such exclusion another vehicle owned by the insured was covered under such uninsured motorist endorsement."

■■■ We believe the purpose and scope of Exclusion (a) is reflected in these cases. The plain meaning of its language is that where a policy owner sustains bodily injuries for which he is legally entitled to recover damages from an uninsured motorist, the insurance company must pay for such damages unless the policyholder was occupying or struck by a vehicle which he or a relative owns and which was not insured under that policy. Plaintiff met these conditions and is not subject to the exclusion as contended by defendant.

The company understandably sought to protect itself by Exclusion (a) from extending, at no extra premium, such coverage to other vehicles a policyholder would be expected to operate or occupy with some regularity. The reduction in coverage sought by State Security here in urging its narrow construction of Exclusion (a) would, indeed, protect the company but would substantially reduce the uninsured motorist coverage to the policyholder mandated by the statute.

State Security has relied entirely on its understanding of the construction given Exclusion (a) in *Fletcher v. State Security Insurance Co.* (1969), 114 Ill. App. 2d 91, 254 N.E.2d 650, where, on the factual situation of that case, the court held uninsured motorist coverage was excluded. In *Fletcher*, however, an additional element was present in that the policy owner was operating a regularly furnished mail truck used in his employment with the postal department when injured by an uninsured motorist. The policy there by definition classified such a nonowned vehicle as being in the same excluded category as an uninsured owned automobile if furnished by another for the insured's regular use. This element is not present in the instant case and *Fletcher* does not support defendant's position that only during use of an insured vehicle is the policyholder afforded uninsured motorist coverage by virtue of Exclusion (a).

In his cross-appeal Bandy contends that State Security's refusal to arbitrate the issue of uninsured motorist coverage in the face of the arbitration provisions of the policy was vexatious and without reasonable cause thus entitling him to an award of attorney's fees pursuant to section 155 of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 767). We cannot agree.

The arbitration clause contained in the insurance policy states in part:
"Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator."

The pertinent portion of the statute in question provides that:

"In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, if the company has * * * refused upon demand prior to the commencement of the action to pay the amount of the loss, and it appears to the court that such * * * refusal is vexatious and without reasonable cause, the court may allow * * * reasonable attorney fees * * *." Ill. Rev. Stat. 1973, ch. 73, par. 767.

In considering a similar uninsured motorist arbitration clause the court in *Farmers Insurance Group v. Harris* (1972), 4 Ill. App. 3d 372, 375, 279 N.E.2d 789, 790-91, said:

"Illinois has taken the position that under * * * a standard arbitration agreement, only the issues of the liability of the other motorist, and the amount of damage resulting from the accident are subject to arbitration; issues relating to coverage under the policy or other matters not relating to the issue of negligence and amount of damages are for determination by the court." See also *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149; *Vasilakis v. Safeway Insurance Co.* (1977), 46 Ill. App. 3d 369, 361 N.E.2d 1.

■■ We find that the issue of the application of paragraph (a) of Exclusions discussed earlier is one of coverage, not liability of the uninsured motorist or of the amount payable, and, therefore, that State Security was not required to arbitrate that issue under the terms of the policy.

For the reasons stated the judgment of the trial court as to both the appeal and cross-appeal will be affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and BOYLE, J., concur.