EVA JENKINS, Plaintiff-Appellee and Cross-Appellant, *v.* STATE SECURITY INSURANCE COMPANY, Defendant-Appellant and Cross-Appellee.

First District (2nd Division)    No. 76-1225

Opinion filed January 3, 1978.

Brody, Gore & Fineberg, Ltd., of Chicago (Leon M. Fineberg, of counsel), for appellant.

Jay A. Baier, Ltd., of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

After suffering injuries in an automobile accident while a passenger in an uninsured motorist's vehicle, plaintiff, Eva Jenkins, was denied

coverage by her brother's insurer, State Security Insurance Company (hereinafter State Security). Plaintiff then filed an action for declaratory judgment which sought a declaration that she was entitled to uninsured motorist coverage under the family protection provision of her brother's automobile insurance policy. The trial court, after considering stipulated facts and exhibits and after hearing the arguments of counsel, held that the terms of the insurance policy's exclusionary provision did not preclude plaintiff from receiving uninsured motorist coverage for her injuries. However, the court denied plaintiff's request for attorney fees which was made pursuant to section 155 of the Insurance Code. Ill. Rev. Stat. 1975, ch. 73, par. 767.

State Security appeals the finding in plaintiff's favor, contending that it properly excluded Eva Jenkins from uninsured motorist coverage because the express terms of the insurance contract provide that an insured who is injured while riding in an uninsured nonowned automobile that is being driven by someone other than the named insured does not qualify for uninsured motorist protection. Plaintiff cross-appeals from the trial court's order denying her request for attorney fees. She argues that the assessment of reasonable attorney fees against State Security is warranted in this matter because State Security's denial of uninsured motorist coverage was vexatious and without reasonable cause.

We affirm.

State Security issued to Howard Smith, plaintiff's brother, a policy of automobile insurance effective from November 10, 1972, to November 10, 1973. The policy provided bodily injury and property damage liability coverage in addition to uninsured motorist coverage which was entitled "Part IV—Family Protection Coverage." The following policy provisions which define the scope of the uninsured motor vehicle coverage are relevant to State Security's appeal:

"COVERAGE J—FAMILY PROTECTION (DAMAGES FOR BODILY INJURY).

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *."

The following paragraph, entitled "Definitions," sets forth:

"The definitions under Part I, except the definition of 'insured,' apply to Part IV, and under Part IV: 'insured' means:

(a) the named insured and any relative;

(b) any other person while occupying an insured automobile; and

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this part applies sustained by insured under (a) or (b) above. * * *

'insured automobile' means:

(a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded. * * *

(d) a non-owned automobile while being operated by the named insured; * * *."

Part I (Liability) of the policy defines "non-owned automobile" as:

"[a]n automobile * * * not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile; * * *."

The *exclusion provision of Smith's policy states:*

"Exclusions. This policy does not apply under Part IV:

(a) to bodily injury to an insured while occupying an automobile or any motor vehicle (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile or motor vehicle; * * *."

On August 11, 1973, plaintiff was a passenger in an uninsured automobile owned and operated by one Otha Gerald and was injured when Gerald's car collided with another vehicle. Plaintiff then filed a claim with State Security under Coverage J of her brother's policy which is set out above. State Security denied coverage on the ground that Exclusion (a) barred plaintiff's claim. Plaintiff filed her complaint for declaratory judgment on January 29, 1974, and the hearing on this complaint commenced on May 17, 1976.

During the hearing the parties stipulated that plaintiff qualified as an "insured" under Part IV of the policy and consequently was subject to any and all policy exclusions; that Otha Gerald was not related by blood or marriage to either Howard Smith or the plaintiff; that Gerald was not a resident of either the plaintiff's or her brother's household on the date of the accident; and that the issues of fault and damages were to be resolved by arbitration if coverage was found under Part IV.

At the close of this hearing the trial court made the specific finding that Exclusion (a), along with the definition of "insured automobile" as set forth in definition (d), did not preclude plaintiff from receiving uninsured motorist coverage because the court concluded that Exclusion (a) applied only to uninsured automobiles owned by the named insured.

State Security argues that the trial court's delineation of the scope of Exclusion (a) is incorrect since this court, in *Fletcher v. State Security Insurance Co.* (2d Dist. 1969), 114 Ill. App. 2d 91, 254 N.E.2d 650, gave

the same policy provision a broader interpretation. In *Fletcher* the insured, an employee of the United States Post Office Department, was driving a postal truck when he was injured in an automobile accident with an uninsured motorist. State Security denied coverage and Fletcher brought suit. State Security then moved to dismiss, contending that the uninsured motorist provision of its policy did not apply while the insured was driving his employer's truck. The trial court granted State Security's motion. This decision was appealed and affirmed.

In affirming the decision in State Security's favor this court held that the language outside of the parenthesis in Exclusion (a) provided that an insured is precluded from uninsured motorist coverage while the insured occupies an uninsured automobile owned by the named insured or by a relative of the named insured. However, unlike the trial court in the present matter, the *Fletcher* court interpreted the language inside the parenthesis to mean that an insured is eligible for uninsured motorist protection when he or she is occupying an "insured vehicle."

This court concluded that the language outside of the parenthesis was not applicable to Fletcher's claim because the postal truck was not owned by the named insured. By looking to the policy's definition of a "non-owned automobile" under Part I, it was further determined that the postal truck did not qualify for such status because it was furnished for the regular use of the named insured. Consequently, this court decided that the postal truck, although it was being operated by the named insured when it collided with the uninsured vehicle, was not an "insured automobile" as defined by definition (d) of Part IV because the truck did not qualify as a "non-owned automobile." For this reason it held that the language inside the parenthesis of Exclusion (a) barred Fletcher's claim for uninsured motorist coverage.

State Security asserts that if this court's prior interpretation of its policy provisions is adhered to, Exclusion (a) also bars Eva Jenkins' claim. In support of this assertion State Security contends that the language outside the parenthesis is not applicable to the present situation because the vehicle in question was owned by Otha Gerald and not by the named insured. State Security then points out that definition (d) of Part IV provides that an "insured automobile" is a nonowned automobile while it is being operated by the named insured. Since plaintiff was an occupant of a nonowned vehicle, driven by Gerald and not by Howard Smith, State Security argues that plaintiff was not occupying an "insured automobile" when injured and, therefore, was properly denied uninsured motorist coverage pursuant to Exclusion (a).

Plaintiff contends that State Security's construction of Exclusion (a) is erroneous because other policy provisions indicate that "class (a)

insureds" are to be provided with uninsured motorist coverage at all times. In support of this contention plaintiff calls attention to the fact that she is a member of the "class (a) insureds" because she is the sister of the named insured; that the policy definition of "class (b) insureds" states that members of this group qualify for coverage only when occupying an insured vehicle; and that "class (a) insureds" are not subject to the same limitation. For these reasons plaintiff asserts that the policy's definitions of an "insured automobile" are not applicable to her because she is a "class (a) insured." Accordingly she argues that definition (d) cannot be used in conjunction with Exclusion (a) to preclude her from receiving uninsured motorist coverage.

■■ The rule of liberal construction of insurance policies in favor of the insured must yield to rules of reasonable construction. Consequently the rule that ambiguous provisions are to be strictly construed against the insurer does not permit perversion of plain language to create ambiguity where none exists. (See *Norwaysz v. Thuringia Insurance Co.* (1903), 204 Ill. 334, 342, 68 N.E. 551, 554.) Insurance policies must be construed according to the sense and meaning of the terms used, and if the language is clear and unambiguous it must be taken in its plain, ordinary and popular sense. *Miller v. Madison County Mutual Automobile Insurance Co.* (5th Dist. 1964), 46 Ill. App. 2d 413, 418, 197 N.E.2d 153, 156.

Defendant's exclusionary paragraph states:
"[T]his policy does not apply under Part IV:
(a) to bodily injury *to an insured* while occupying an automobile or any motor vehicle (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile or motor vehicle; * * *." (Emphasis added.)
This provision uses the express phrase "to an insured." Nowhere does it state that "class (a) insureds" are exempt. In view of this fact, it is our opinion that the plain language in the insurance contract evidences the parties' intention that Exclusion (a) refers to all three classes of insureds. Accordingly, Exclusion (a) applies to the plaintiff even though she is a class (a) member.

■■ In accordance with our holding in *Fletcher*, we feel that the meaning of the language in Exclusion (a), when read with definition (d), is clear and unambiguous. An insured, who is injured while occupying an uninsured, nonowned vehicle driven by someone other than the named insured, does not qualify for the policy's uninsured motorist coverage. (Contra, *Bandy v. State Security Insurance Co.* (2d Dist. 1977), 50 Ill. App. 3d 974, 976-78, 366 N.E.2d 115, 118.) It would seem, therefore, that plaintiff's claim for coverage should be barred by this exclusionary provision.

However, plaintiff argues that Exclusion (a) is violative of sections 143a

and 442 of the Illinois Insurance Code and, therefore, is null and void.[1]

Plaintiff in her brief points out that there is some question whether section 143a was in effect when Howard Smith entered into the insurance contract on November 2, 1972. However, State Security has made no argument concerning this question. Consequently, it will not be considered by this court.

As stated above, we feel that the express language of the insurance contract dictates that Exclusion (a) is applicable to Eva Jenkins' claim. Therefore, the issue is whether the limitation on plaintiff's uninsured motorist coverage, as stated in Exclusion (a), conflicts with the two aforementioned provisions of our insurance code.[2]

Section 143a entitled "Uninsured or hit-and-run motor vehicle coverage," provides:

> "On or after the effective date of this amendatory Act of 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of the 'Illinois Motor Vehicle Law,' approved July 11, 1957, as hereintofore and hereafter amended, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured shall have the right to reject such coverage only on policies delivered, renewed or issued for delivery prior to July 1, 1967."

Section 442, entitled "Validation of Illegally Issued Policies," states:

> "Any contract or policy of insurance or any application, endorsement or rider form used in connection therewith issued in violation of any section of this Code requiring certain provisions to be inserted therein or the inclusion of provisions prohibited, or issued without submitting same for approval by the Director in accordance with section 143, shall nevertheless be held valid but shall be construed in accordance with the requirements of the section that the said policy, application, endorsement or rider

---

[1] Ill. Rev. Stat. 1969, ch. 73, pars. 755a, 1054. Paragraph 755(a) was repealed by P.A. 77-1430, §2, effective January 1, 1972. However, paragraph 755(a) was restored by P.A. 78-255, §63, effective October 1, 1973.

[2] For the purposes of this appeal we shall assume that the automobile which struck Otha Gerald's car had no liability insurance which could have provided the plaintiff with coverage. Neither party has contended otherwise, even though the record is inconclusive as to this matter.

violates, and when any provision in such contract or rider is in conflict with any provision of this Code, the rights, and obligations of the company thereunder shall not be less favorable to the holder of the contract and the beneficiary or annuitant thereunder than is required by the provisions of this Code applicable thereto."

Plaintiff asserts that the public policy underlying section 143a is to provide an insured with sufficient uninsured motorist coverage to compensate him for his injuries at least to the same extent that he would have been compensated if injured by a motorist who was insured in compliance with the Financial Responsibility Law.[3] Plaintiff argues that any limitation on a policy's uninsured motorist coverage, which is based upon the location of the insured at the time of injury, contravenes this public purpose.

State Security calls attention to the fact that section 143a does not state specifically that parties to an automobile liability insurance contract are prohibited from setting contractual limits on the coverage to be provided, and it argues that because of this fact the statute cannot be construed as mandating that insurance companies must provide "blanket" uninsured motorist coverage to their insureds.

Initially, this court held that limiting provisions, based on the insured's presence in an uninsured automobile at the time of injury, did not conflict with the public policy of section 143a. (*McElyea v. Safeway Insurance Co.* (1st Dist. 1970), 131 Ill. App. 2d 452, 457-58, 266 N.E.2d 146, 150.) However, this ruling was overturned by a subsequent decision which stated, as plaintiff contends, that the legislature intended an expansive interpretation of this section—one that would serve as a direction to insurance companies to provide their insureds with extensive uninsured motorist coverage. *Doxtater v. State Farm Mutual Automobile Insurance Co.* (1st Dist. 1972), 8 Ill. App. 3d 547, 551-53, 290 N.E.2d 284, 287-89. See also *Heritage Insurance Co. of America v. Phelan* (1974), 59 Ill. 2d 389, 395, 321 N.E.2d 257, 260.

In *Doxtater* the plaintiff was injured in a collision between the motorcycle which he was operating and an automobile driven by an uninsured motorist. He attempted to recover for his injuries under the

---

[3] Ill. Rev. Stat. 1975, ch. 95½, par. 7—203, states:

"No such policy or bond referred to in Section 7—202 of this Act shall be effective under this Section unless issued by an insurance company or surety company authorized to do business in this State, ° ° ° provided, however, every such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs of not less than $10,000 because of bodily injury to or death of any one person in any one accident and, subject to said limit for one person, to a limit of not less than $20,000 because of bodily injury to or death of two or more persons in any one accident, and, if the accident has resulted in injury to or destruction of property to, a limit of not less than $5,000.00 because of injury to or destruction of property of others in any one accident."

uninsured motorist provision of his father's automobile liability policy which was issued by State Farm Mutual Insurance Company. The insurance company denied coverage on the ground that the following exclusion was applicable to the plaintiff's claim:

"(This policy's uninsured motor vehicle coverage) * * * does not apply: * * * to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an owned motor vehicle:* * *."

Plaintiff then brought an action for declaration of coverage. Subsequently State Farm filed a motion to dismiss the complaint in which it argued that the aforementioned exclusion was a valid limitation on the policy's provision for uninsured motorist coverage. This motion was granted by the trial court.

In reversing the lower court's decision, this court held, relying on *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377, that section 143a mandates that insurance companies must provide uninsured motor vehicle coverage for their insureds regardless of whether, at the time of injury, the insureds occupied or operated vehicles declared in the subject policy. Accordingly, the *Doxtater* court concluded that State Farm's exclusionary provision was in violation of this section. Accord *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044.

■■ In view of this precedent it is our opinion that Exclusion (a) conflicts with section 143a of the Illinois Insurance Code since this provision precludes insureds from uninsured motorist coverage while they are occupying a vehicle which does not qualify as an "insured vehicle" under the terms of State Security's automobile liability policy. Consequently section 442 prevents Exclusion (a) from having any limiting effect on the scope of Eva Jenkins' uninsured motor vehicle coverage.

In the cross-appeal for attorney fees plaintiff alleges that as a result of the serious and permanent injuries suffered while a passenger in Otha Gerald's car, she has incurred medical expenses and lost wages far exceeding the maximum recovery limit for uninsured motorist coverage, and she asserts that State Security's refusal to arbitrate the issues of liability and damages has aggravated this grave financial situation by forcing "her to incur substantial attorney's fees and court costs as a prerequisite to arbitration." Plaintiff argues that State Security's refusal to pay the amount of her loss was vexatious under these circumstances because defendant was aware of her need for policy proceeds and because defendant based its refusal upon a totally unfounded exclusion theory.

■■ It is well established that parties to a dispute may agree to submit to arbitration any matters relating to the dispute. (*Podolsky v. Raskin*

(1920), 294 Ill. 443, 449, 128 N.E. 534, 537.) However, the parties only are bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication. *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 94, 242 N.E.2d 149, 151.

■■   The following arbitration provision is set out in Part VI of State Security's policy:

> "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator."

The Illinois Supreme Court, in reviewing an insurance contract that contained an arbitration clause essentially the same as the one quoted above, held that the arbitration agreement was limited to the question of liability of the uninsured motorist to the insured and to the question of damages sustained by the insured as a result of an accident with an uninsured motorist. (*Flood v. Country Mutual Insurance Co.*) The question of coverage of the insured under the uninsured motorist provisions of his automobile insurance policy is, however, to be determined by a court of law. *Liberty Mutual Fire Insurance Co. v. Loring* (1st Dist. 1968), 91 Ill. App. 2d 372, 376-77, 235 N.E.2d 418, 421.

After reviewing the arbitration paragraph, it is apparent that the parties agreed to submit the issues of liability and damages to arbitration. Consequently the nature and extent of plaintiff's injuries were not before the trial court in this matter because these items pertain only to the question of damages.

■■   The only issue before the trial court for determination was the propriety of State Security's denial of plaintiff's claim for uninsured motorist coverage. It is our opinion that this denial was made in good faith because it was based upon the express language of the insurance policy and upon this court's prior construction of that language in *Fletcher v. State Security Insurance Co.* This conclusion is also supported by the fact that State Security in the stipulated facts agreed that the issues of fault and damages would be resolved by arbitration if coverage was found by the trial court.

Accordingly we do not believe that State Security's refusal to pay the amount of plaintiff's loss was vexatious or without reasonable cause. (Ill. Rev. Stat. 1975, ch. 73, par. 767.) Defendant was within its rights in refusing to arbitrate the issues of liability and damages until the question of coverage was decided by the courts. The trial court's refusal to allow attorney fees was proper.

For the aforementioned reasons the trial court's order finding that Exclusion (a) under Part IV of State Security's automobile liability policy, along with the policy's definition of an "insured automobile," does not preclude the plaintiff from uninsured motorist coverage is affirmed as is the court's order denying plaintiff's request for attorney fees.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.