JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.[1] and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. In this case, plaintiff-appellant, Clifford Fleetwood, appeals the trial court's order denying his motion for partial summary judgment and granting summary judgment to defendant-appellee, State Farm Insurance Company, on appellant's complaint for uninsured motorists benefits. For the reasons that follow, we affirm.
The record reveals that appellant is employed as a bus driver for RTA and, on July 14, 1999, while so employed, appellant was struck by an unidentified driver and sustained injuries. Appellant and his wife1thereafter instituted the present action against the unidentified driver alleging that this driver negligently caused injuries to him and his wife. Appellant also alleged that he was entitled to uninsured motorists benefits from State Farm under the automobile policy issued to him as well as under the policy issued to his wife and that the latter acted in bad faith when it denied his claim for these benefits.
In its motion for summary judgment, State Farm argued that the bus appellant was driving at the time of the accident was furnished for appellant's regular use and, therefore, uninsured motorist coverage was excluded under appellant's policy. Supported by excerpts of appellant's deposition, State Farm argued further that coverage was also not available under appellant's wife's policy because appellant and his wife were not married at the time of the accident. Appellant opposed the motion and moved for partial summary judgment claiming that he was entitled to judgment in his favor as a matter of law on the basis that the bus he was driving was not for his regular use because he would be assigned to drive a different bus on different days. Nonetheless, appellant did not oppose State Farm's argument that there was no coverage under his wife's policy.
The trial court ultimately granted State Farm's motion and denied appellant's motion. The trial court thereafter dismissed the negligence claims against the unnamed defendant[2] for want of prosecution. Appellant is now before this court and assigns two errors for our review.
 I.
In his first assignment of error, appellant contends that the trial court erred in granting State Farm's motion for summary judgment. In particular, appellant claims that the bus he was driving at the time of the accident was not furnished for his regular use and, therefore, the exclusion in the policy at issue was inapplicable.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C).
The parties do not dispute that, on the date of the accident, appellant had in effect a policy of automobile insurance that provided uninsured motorist coverage. A review of the policy reveals that the only automobile covered under the policy is appellant's personal vehicle. Section III of the automobile policy at issue in this case is covered by an amendatory endorsement, which provides that no uninsured coverage is available for bodily injury to an insured while operating or occupying a motor vehicle owned or leased by, furnished to, or available for the regular use of you * * * if it is not insured for this coverage under this policy.
The parties do not dispute that this policy language mirrors that contained in R.C. 3937.18(J)(1), which authorizes the inclusion of such exclusionary language. Moreover, the parties do not dispute that this policy language is valid and enforceable in accordance with the Ohio Supreme Court's decisions in Wolfe v. Wolfe (2000), 88 Ohio St.3d 246 and Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281. What is disputed is whether appellant's use of the bus was regular so as to invoke the exclusion contained in the policy. Regular use has been defined as frequent, steady or constant use over a substantial period of time. See Ohio Cas. Ins. Co. v. Travelers Indemn. Co. (1975),42 Ohio St.2d 94.
State Farm relies on Kenney v. Employers' Liability Assur. Corp. (1966), 5 Ohio St.2d 131. Factually similar, the plaintiff in that case was a police officer who sustained injury while occupying a policy cruiser and, thereafter, attempted to recover uninsured motorists benefits under his personal automobile policy. Ultimately finding that similar exclusionary language contained in the officer's policy was not ambiguous and, therefore, precluded coverage, the Ohio Supreme Court stated:
 In order to be excluded under this exclusionary clause, an automobile need not be a single particular automobile regularly furnished to the named insured. Thus it is well settled that an automobile will be excluded under such policy provisions although it is only one of a group of automobiles from which an automobile is regularly furnished to the named insured by his employer.
Appellant argues that Kenney is factually distinguishable because the plaintiff in that case was assigned to the same vehicle on each occasion. A fair reading of this case does not necessarily support appellant's conclusion. Notwithstanding, the Kenney court made clear that regular use is demonstrated when the insured uses any one of a group of automobiles furnished by the employer for the insured's use. Id. at paragraph two of the syllabus. Because appellant used any one of a group of buses as a part of his employment on a daily basis, appellant's argument fails. Accord State Farm Mut. Auto Ins. Co. v. Counts (Nov. 7, 1990), 9th Dist. Nos. 11490 11492, 1990 Ohio App. Lexis 4945.
Appellant further urges this court to find Kenney outdated and effectively overruled by subsequent case law. In support of this argument, appellant relies on Buckeye Union Ins. Co. v. Bradley (1972),33 Ohio App.2d 144, which in turn relied on Motorist Mutual Ins. Co. v. Tomanski (1971), 27 Ohio St.2d 222. The injured party in Bradley was driving a United States Postal truck when he was struck by an uninsured motorist. Seeking to recover uninsured motorist benefits under his personal automobile policy, the insurer maintained that an exclusion in that policy precluded coverage because the postal truck was furnished for the insured's regular use. The Tenth Appellate District disagreed. Despite the policy's exclusionary language, the Bradley court found this provision inapplicable on the basis that regular use language was under the definition of insured automobile, which in turn included a non-owned vehicle furnished for the regular use of the named insured. Applying the reasoning in Tomanski to the extent that uninsured automobile coverage is for the benefit of the person and not the vehicle, the Bradley court found the exclusion inapplicable. Bradley, 33 Ohio App.2d at 148. This is not the factual scenario in this case.
Reiterating, the policy at issue here excludes uninsured motorist coverage for bodily injury while operating or occupying a motor vehicle * * * furnished to, or available for the regular use of the insured. This exclusionary language is in accord with R.C. 3937.18(J)(1), which authorizes the inclusion of such language in a policy of insurance and was the statutory law in effect during the term of the policy at issue. The exclusion is, therefore, valid and enforceable.
Appellant's first assignment of error is not well taken and is overruled.
 II.
Appellant's second assignment of error challenges the trial court's decision regarding his bad faith claim. Based on our disposition of appellant's first assignment of error, we need not discuss this assigned error. See App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. AND JAMES J. SWEENEY, J., CONCUR.
[1] Although appellant and his wife are both named as plaintiffs and claimed injuries in this action, appellant's wife did not appeal the trial court's decision and we will, therefore, refer to appellant in the singular for ease of discussion.
[2] Shortly thereafter, apparently unaware of the trial court's order, appellant voluntarily dismissed the claims against the unnamed defendant.