TIMOTHY J. BROPHY, Plaintiff-Appellant, *v.* INTER INSURANCE EXCHANGE OF THE CHICAGO MOTOR CLUB, INC., Defendant-Appellee.

First District (3rd Division)   No. 76-1151

Opinion filed December 28, 1977.

Beermann, Swerdlove, Woloshin & Barezky, of Chicago (Lawrence R. Barezky, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Timothy J. Brophy, filed a complaint for declaratory judgment to compel the defendant, Inter Insurance Exchange of the Chicago Motor Club (hereinafter CMC), to arbitrate his rights under the uninsured motorist provisions of the insurance policy issued by CMC to Brophy on his private automobile. The defendant filed a counterclaim for declaratory judgment alleging that Brophy was not entitled to uninsured motorist coverage in this instance. A stipulation of facts was filed by the parties along with memoranda of law. The Circuit Court of Cook County entered a judgment for the defendant on both the plaintiff's complaint and the counterclaim. It is from these two orders that the plaintiff appeals. The issues presented for review are: whether the subscriber, in this case the plaintiff, Brophy, was protected by the uninsured motorist provisions of his policy while operating an employer's vehicle regularly furnished to

him where the plaintiff's injuries were caused by a collision with an uninsured motorist; and whether the policy limitations in the uninsured motorist coverage conflict with sections 143a and 442 of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, pars. 755a, 1054).

The defendant, CMC, issued a policy of automobile insurance to the plaintiff. That policy provided in pertinent part:

"PART IV"

FAMILY PROTECTION COVERAGE

(Protection Against Uninsured Motorists)

Coverage G—Family Protection Coverage (Damages for Bodily Injury.) To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured * * *.
Definitions.
'insured' means:
(a) the Subscriber * * *;
(b) any other person while occupying an insured automobile.
'insured automobile' means:
(a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded.
* * *
(d) a non-owned automobile while being operated by the Subscriber but "non-owned automobile" shall not include:
(1) any automobile * * * owned by or furnished for the regular use of the subscriber* * *.
Exclusions: This policy does not apply under
Part IV:.
(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the Subscriber* * *."

On January 27, 1975, the plaintiff was on duty as a Chicago police officer and was driving a police car furnished by the Chicago Police Department for his regular use while he was on duty as a Chicago police officer. At that time, Brophy's vehicle was struck from behind by an uninsured vehicle. Brophy alleges he suffered injuries as a result of the collision.

Brophy properly notified CMC under the uninsured motorist provision of his policy. He filed a demand for arbitration with the American Arbitration Association (AAA) pursuant to his claim, but CMC notified

the AAA that it would not arbitrate the matter and was denying coverage based on certain exclusions in the plaintiff's policy. At this point, the plaintiff filed his complaint for declaratory judgment and the defendant filed its counterclaim. The court, after conducting a hearing, found for the defendant on both the complaint and the counterclaim, holding (1) that provision (d)(1) of the definition of "insured automobile" in the Family Protection Coverage (Protection Against Uninsured Motorists) section of the policy issued by CMC was a valid provision conforming to the laws of the State of Illinois; (2) that by virtue of that definition provision Brophy was not covered under the said Family Protection Coverage of the policy issued by CMC; and (3) that with regard to the alleged automobile accident, Brophy was not entitled to uninsured motorist coverage under the said Family Protection Coverage.

The basic contention of the defendant is that the plaintiff is excluded from coverage because of the "Exclusions" paragraph of the section describing protection afforded against uninsured motorists. Citing the case of *Fletcher v. State Security Insurance Co.* (1969), 114 Ill. App. 2d 91, 254 N.E.2d 650, as dispositive, the defendant argues that exclusion (a) and the definition of "insured automobile" in section (d)(1) of the policy must be read together and that Brophy would be excluded from coverage since the policy car was furnished for Brophy's regular use, was not a "non-owned" automobile, and therefore not an "insured automobile" as defined in CMC's policy.

■■ We accord the policy a somewhat different interpretation. Exclusion (a) states that insurance protection against uninsured motorists does not apply to injury "to an insured while occupying an automobile (other than an insured automobile) *owned by the Subscriber* * * *." (Emphasis added.) The automobile the insured occupied was not "owned by the Subscriber." Consequently, the "Exclusion" provision is not applicable to the case at bar. The defendant quite properly points out that under definition (d) of "insured automobile" the police car was not a "non-owned" automobile as defined. The automobile was not an insured automobile under any definition. Reading that fact into the "Exclusion" provision it means that since the automobile in which the insured was riding was not insured, if the automobile were owned by the subscriber, the "Exclusion" would be applicable. As we noted earlier, however, this was not an automobile owned by the subscriber and the plaintiff is not excluded under this provision.

■■ The question then presents itself, is a subscriber, injured by an uninsured motorist, while occupying an automobile not an "insured automobile" under the definitions of this policy, covered under the general coverage provision of the policy? We believe he is as long as he is not occupying an automobile owned by him. Coverage is provided to an

"insured" as defined in the policy. Definition (a) defines an insured as "the Subscriber" without qualification. Definition (b) defines "any other person" as an insured with the qualifying language "while occupying an insured automobile." We interpret this to mean that while "any other person" must be in an insured automobile to be afforded coverage under the policy, a subscriber need not be in such an automobile. (Accord, *Buckeye Union Insurance Co. v. Bradley* (1972), 33 Ohio App. 2d 144, 293 N.E.2d 109.) In fact, the subscriber need not be an occupant of an automobile to be covered.

Our opinion on the plaintiff's first point obviates the need to consider the plaintiff's second contention on appeal. Judgment of the Circuit Court of Cook County is reversed and the cause is remanded for proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.

SIMON, P. J., and McNAMARA, J., concur.