GEORGE C. ROBY, Plaintiff-Appellant, *v.* ILLINOIS FOUNDERS INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)    No. 76-900

Opinion filed February 2, 1978.

Edward R. Vrdolyak, Ltd., of Chicago (William J. McGann, of counsel), for appellant.

Brody, Gore & Fineberg, Ltd., of Chicago (Leon M. Fineberg, of counsel), for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, George C. Roby, filed a complaint for declaratory judgment to determine and adjudicate his rights under the uninsured motorists provisions of an insurance policy issued by the defendant, Illinois Founders Insurance Company. The trial court, following a bench trial, entered judgment for the defendant finding that defendant's insurance policy did not apply and did not provide coverage to the plaintiff under the uninsured motorists coverage endorsement of said policy. This appeal followed.

We reverse.

The issue presented for review is whether the trial court properly ruled in finding that the plaintiff was not afforded coverage under the uninsured motorists coverage endorsement of his family combination auto insurance policy issued by defendant, as the policy excluded an insured from coverage while occupying or driving an automobile regularly furnished to the plaintiff insured in his employment.

On July 23, 1973, plaintiff, George C. Roby, was employed by the Chicago Police Department as a police officer, and was assigned to patrol a certain area of the city in a one-man squad car. The car was owned by the city of Chicago, was operated, maintained, and used by the Chicago Police Department, and was furnished for the regular use of the plaintiff. On that same date at approximately 11:30 a.m., plaintiff was traveling eastbound on 61st Street, and at or near its intersection with Kimbark Avenue, a vehicle being driven by Melvin Boswell, an uninsured motorist, came into contact with the squad car being driven by the plaintiff. As a result of this collision, the plaintiff was injured. Mr. Boswell was the owner of the vehicle he was driving, and neither he nor the automobile

were covered by any policy of automobile liability insurance at the time of this collision.

The plaintiff had purchased a family combination automobile policy for his private automobile from the defendant under which he was the named insured, such policy being in full force and effect at the time of the collision. The policy contained uninsured motorists coverage. The plaintiff notified the defendant of his intention to make a claim for his injuries under the uninsured motorists provision of his insurance policy, which claim was subsequently denied by the defendant.

The plaintiff filed a complaint for declaratory judgment, asking the court to determine his right to pursue an uninsured motorist claim under the policy issued by the defendant. The pertinent part of defendant's insurance policy provides as follows:

"UNINSURED MOTORISTS COVERAGE (Automobile Bodily Injury Liability) ENDORSEMENT

Coverage K—Uninsured Motorists (Damages for Bodily Injury) * * *

1. Damages for Bodily Injury Caused by Uninsured Automobiles: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *."

The plaintiff further asked the court to define his rights as an insured under the uninsured motorists provision of his policy and order his claim to be set for immediate arbitration with the defendant pursuant to the provisions of his policy. The defendant filed a motion to dismiss which was denied. It then filed an answer and affirmative defense to the complaint alleging that the plaintiff was not driving "an insured automobile" under his policy on July 23, 1973 (date of collision), as he was driving a Chicago Police Department automobile furnished for his regular use. Under the uninsured motorists coverage endorsement, the policy further provided in part:

"II. Definitions:
* * *

(b) 'insured automobile' means an automobile:
(1) described in the schedule as an insured automobile to which the bodily injury liability coverage of the policy applies;

(2) while temporarily used as a substitute for an insured automobile as described in subparagraph (1) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

(3) while being operated by a named insured or by his spouse if a resident of the same household;

but the term 'insured automobile' shall not include:

\* \* \*

(iv) under subparagraphs (2) and (3) above, an automobile furnished for the regular use of the principal named insured or any resident of the same household.

\* \* \*

## EXCLUSIONS

This endorsement does not apply:

\* \* \*

(b)  to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relatives;\* \* \*."

Defendant concluded that plaintiff was not entitled to coverage under the uninsured motorists provisions of his policy.

Following a bench trial, the trial court entered an order providing that the plaintiff's policy did not apply or provide coverage for his uninsured motorist claim as "the policy exclusion excluded an insured driving an automobile regularly furnished to him in his employment." Plaintiff appeals.

The plaintiff contends that the exclusionary provision of the automobile insurance policy in question should be declared null and void under section 442 of the Illinois Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 1054) (hereinafter referred to as section 442), as it seeks to deprive the insured of uninsured motorists coverage required by section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 755(a)) (hereinafter referred to as section 143a). Plaintiff urges this court to disregard the Second District Illinois Appellate Court case of *Fletcher v. State Security Insurance Co.* (1969), 114 Ill. App. 2d 91, 254 N.E.2d 650, wherein the court found that the mail truck furnished plaintiff for his regular use was not a nonowned automobile as defined by his family insurance policy (similar to the policy in the instant case), and, therefore, the plaintiff was excluded from coverage under the uninsured motorists

provisions of the policy. Plaintiff argues that *Fletcher* should not be followed because (1) it is inherently contradictory, inconsistent, and poorly reasoned, and (2) since 1969, the Illinois Supreme Court has given an expansive interpretation to section 143a which would render the exclusionary provision in the instant case null and void by virtue of section 442.

Defendant maintains that *Fletcher* is controlling and, therefore, plaintiff should be denied coverage. Defendant further argues that section 143a does not specify that parties to an insurance contract cannot limit the coverage, and since the parties herein limited the coverage, such limitations should control.

■■ Specifically, section 143a(1) of the Illinois Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 755a(1)) provides that no automobile liability insurance policy shall be issued in this State unless coverage is provided therein in limits set forth in section 7—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 7—203) ($10,000 per person, $20,000 per accident) against damages caused by uninsured motorists. Public policy expressed by this statute is that the insured be provided coverage which would compensate him in the event of injury by an uninsured motorist, to at least the same extent as had he been injured by a motorist who was insured, in compliance with the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1971, ch. 95½, par. 7—100 *et seq.*), formerly Financial Responsibility Law (Ill. Rev. Stat. 1969, ch. 95½, par. 7—101 *et seq.*). *Barnes v. Powell* (1971), 49 Ill. 2d 449, 452-53, 275 N.E.2d 377, 379; *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 4, 269 N.E.2d 295, 297.

The recent case of *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044, again adopted an expansive interpretation of section 143a and is controlling herein. In *Squire,* plaintiff, a pedestrian, was injured by an uninsured motorist. She filed a claim under the family automobile insurance policy and subsequent endorsement issued to her parents by the defendant. As an insured person under the policy and endorsement, she was insured against being injured by an uninsured motorist while a pedestrian as well as while riding in an automobile. The exclusion in the policy provided as follows:

" ' * * * This policy does not apply under Part IV:

(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile;' * * *."

(*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 171.)

Plaintiff's family had purchased an endorsement to their primary policy

which provided insurance benefits for a second family car for which they paid an additional premium. The endorsement included uninsured motorists coverage. Although the case primarily discussed whether the uninsured motorists coverage in the policy and endorsement could be stacked, the court also addressed the issue of whether the exclusion violated section 143a when determining what the parties contemplated when plaintiff's parents paid an additional premium for an endorsement to their existing policy. The defendant argued that the coverage contemplated under the endorsement was protection against accidents caused by uninsured motorists while the insureds were riding in the second car, and not additional $10,000 in indemnification. Plaintiff argued that she had this coverage already under the original policy because the exclusion violated section 143a.

The court, in *Squire,* discussed *Doxtater v. State Farm Mutual Automobile Insurance Co.* (1972), 8 Ill. App. 3d 547, 290 N.E.2d 284, in which the insured was struck by an uninsured motorist while riding his motorcycle which was not listed in his policy of insurance. His policy provided an exclusion, similar to the one in *Squire* and the case at bar, which would have barred recovery. The *Doxtater* court held that the exclusion conflicted with the underlying purpose of section 143a and was rendered unenforceable by the provisions of section 442. The *Squire* court, citing *Doxtater,* stated:

> " 'The expansive interpretation applied by a majority of * * * [the supreme court in *Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377], leads us to conclude that, presented with the issue at bar, our Supreme Court would interpret Section 143a of the Insurance Code as a direction to insurance companies to provide uninsured motor vehicle coverage for "insureds," regardless of whether, at the time of injury, the insureds occupied or operated vehicles declared in the subject policy.' " (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 178.)

The court, in *Squire,* further noted, citing *Heritage Insurance Co. v. Phelan* (1974), 59 Ill. 2d 389, 394-95, 321 N.E.2d 257, 260, that:

> " 'It is clear from the holdings of *Barnes, Doxtater,* and *Goodpasture* and from the language of the statute itself that the legislative intent was to provide extensive uninsured-motorist protection for those who are "insureds" under an automobile liability policy.' " *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 178-79.

The court concluded that section 143a requires coverage of insured persons regardless of the motor vehicle the uninsured motorist was driving, and regardless of the vehicle in which the insured person was located when injured, and found that insofar as the exclusion contained in

the policy made coverage dependent upon the insured being in a vehicle listed in the policy, the exclusion violated section 143a and was rendered unenforceable by section 442.

■■ ■ Since the exclusionary clause in the instant case is virtually identical to the clause in *Squire,* and since it makes coverage dependent upon the insured being in a vehicle listed in the policy, it violates section 143a and is rendered unenforceable by section 442. We are bound by the holdings of the Illinois Supreme Court in *Squire* rather than the holdings of the Illinois Appellate Court, Second District, in *Fletcher v. State Security Insurance Co.* (1969), 114 Ill. App. 2d 91, 254 N.E.2d 650. As a general proposition, this court is obliged to follow decisions of the Supreme Court of Illinois and of the United States Supreme Court. (*Hensley v. Hensley* (1965), 62 Ill. App. 2d 252, 259, 210 N.E.2d 568, 572.) We are not bound to follow the decisions of the appellate courts of other districts in the State of Illinois. *Occhino v. Illinois Liquor Control Com.* (1975), 28 Ill. App. 3d 967, 971-72, 329 N.E.2d 353, 357.

We hold that the plaintiff was protected by the uninsured motorists provisions of his policy while operating an employer's vehicle regularly furnished to him where the plaintiff's injuries were caused by a collision with an uninsured motorist. *Brophy v. Inter Insurance Exchange* (1977), 56 Ill. App. 3d 173, 371 N.E.2d 1081.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

ROMITI and DIERINGER, JJ., concur.