HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff-Appellee, *v.* BRUCE CUMMINGS *et al.*, Defendants-Appellants.

First District (1st Division)   No. 77-658

Opinion filed November 27, 1978.

Arnold and Kadjan, of Chicago (Michael Lee Tinaglia, of counsel), for appellants.

Stephen Sonderby, of Chicago (Barbara W. Sholl, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Hartford Accident and Indemnity Company (plaintiff) filed a complaint for declaratory judgment against defendants Bruce Cummings and Nicholas Jason for a declaration that Cummings' policy issued by plaintiff on Cummings' private automobile did not provide uninsured

motorist coverage for defendants, who were police officers injured by an uninsured motorist while they were on duty riding in a Chicago police car. On cross motions for summary judgment, the circuit court entered judgment for plaintiff. Defendants appeal, arguing that (1) the Cummings' policy should afford coverage under its uninsured motorist provision, (2) the policy provision reducing uninsured motorist coverage by amounts paid by workmen's compensation is void, and (3) summary judgment on the issue of Cummings' regular use of the police car was improper.

For protection against uninsured motorists, the policy provides in pertinent part:

> "The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle."

"Insured" for the uninsured motorist protection is defined as "the named insured and any relative" and "any other person while occupying an insured automobile." An "insured automobile" is defined as:

> "(a) an owned automobile while being used by or with the permission of the named insured, or
> (b) a non-owned automobile while being operated by the named insured with the permission of the owner."

The policy excludes from the definition of a "non-owned automobile" an automobile "furnished or available for the regular use" of the named insured.

With reference to Jason (the police officer passenger in the squad car), the complaint alleged that he was not protected under the uninsured motorist clause because he was neither the insured under Cummings' policy, nor Cummings' relative, and the vehicle in which he was riding was not an insured automobile because it was furnished for the regular use of the named insured (Cummings).

With reference to Cummings, the complaint alleged that Cummings was covered by workmen's compensation insurance at the time of the accident and that the city of Chicago, his employer, is his subrogee. It was further alleged that under these facts Cummings was not entitled to uninsured motorist coverage because of an explicit exclusion that the uninsured motorist coverage does not apply "so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law."

Jason moved for judgment in his favor on the ground that the squad car was an "insured automobile" because it was being operated by the named insured (Cummings) with the permission of the owner and that he was "any other person while occupying an insured automobile."

Cummings moved for summary judgment in his favor on the ground that he was the "named insured" in the policy issued by plaintiff and that because his employer, the city of Chicago, did not have an uninsured motorist policy in effect he was entitled to coverage under the excess other insurance provision of his policy.

In support of their motions, defendants attached the affidavit of counsel that the city of Chicago was not covered by uninsured motorist insurance on the date of defendants' accident, but was a self-insurer for damages and claims due to the operation and maintenance of its squad cars. Also attached were the affidavits of defendants stating that they had not made a claim against the city of Chicago for workmen's compensation.

The trial court, in entering summary judgment for plaintiff and against defendants, found:

"3. That Nicholas Jason, defendant herein was not an 'insured' within the policy provisions since at the time of the occurrence the squad car, an auto not owned by, but operated by named insured (Cummings) with permission of Owner (City of Chicago) in which he was a passenger, was furnished for Cummings' 'regular use'; hence no coverage is afforded to the said Jason.

4. Bruce Cummings, defendant herein, is not afforded coverage under the policy pleaded herein because he had available to him Workmen's Compensation type benefits: Coverage D- Uninsured Motorist does not apply so as to inure directly or indirectly to the benefit of any Workmen's Compensation or disability benefits carrier or any personal organization qualifying as a self-insurer under any Workmen's Compensation or disability benefits laws or similar law."

Defendant Jason argues that summary judgment was improperly entered against him for the reason that the squad car in which he was riding was not, according to his affidavit, furnished for his regular use, but was assigned to him in irregular and random fashion. We disagree. Under the terms of the policy, it is immaterial whether a squad car was furnished to Jason for his regular use. The controlling question is whether it was furnished for the regular use of Cummings, the insured. Plaintiff so alleged and the defendants did not dispute this. Consequently, the trial court's finding that the squad car was furnished for Cummings' regular use was correct. Being so furnished, it was excluded from the definition of an "insured automobile" and because Jason, not the named insured or a relative of the named insured, could come within the uninsured motorist

coverage only if he were riding in an insured vehicle, the trial court properly entered summary judgment against him.

Defendant Cummings argues that summary judgment was improperly entered against him. We agree. Under the terms of the policy he was the named insured and was covered even though he was not occupying an insured automobile at the time of the collision with the uninsured motorist. (*Brophy v. Inter Insurance Exchange of the Chicago Motor Club, Inc.* (1977), 56 Ill. App. 3d 173, 371 N.E.2d 1081; *Roby v. Illinois Founders Insurance Co.* (1978), 57 Ill. App. 3d 89, 372 N.E.2d 1097.) Plaintiff argues, however, that the trial court correctly entered judgment against Cummings because of the workmen's compensation exclusion provision of the policy. We disagree.

The trial court ruled that Cummings was not covered by the uninsured motorist provision because a payment to him would inure to the benefit of his employer, the city of Chicago. Cummings argues that a payment by the insurer would not inure to the city's benefit because the city's right of reimbursement as a compensation insurer is against the tortfeasor who caused his injury, not against his uninsured motorist carrier. Plaintiff contends that any payment to the insured under his uninsured motorist coverage would benefit the city, directly or indirectly.

In pertinent part, the policy provides that "[t]his policy [as to uninsured motorist protection] does not apply so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law."

The city's right of reimbursement for expenditures for medical and hospital care for injured policemen provides (Municipal Code of Chicago 1977, ch. 22, §22—21):

> "In the event that said committee on finance is of the opinion, from all the facts and circumstances presented to it in the said report or otherwise ascertained by it, that such an injury *was occasioned by the negligence of some other person, or by the negligence of any agent or servant of such other person,* the committee on finance shall so notify the corporation counsel; and it shall be the duty of the corporation counsel forthwith to demand *from such other person* reimbursement for the amount expended by the city for the necessary medical care and hospital treatment of such policeman or fireman; and in default of payment of such amount so expended, the corporation counsel shall institute proceedings to recoup for the city the amount so expended, as provided in the aforesaid act of the general assembly." (Emphasis added.)

Clearly, the city's recovery for expenditures for medical and hospital

payments to policemen is against the person who negligently caused the injury to the policemen. The uninsured motorist payments are based upon the insured's contractual claim against his insurer, not upon a tort by the uninsured motorist.

No Illinois cases have decided whether a compensation carrier has a right to reimbursement from uninsured motorist proceeds of its employee. (See *Stryker v. State Farm Mutual Automobile Insurance Co.* (No. 49919, October 6, 1978), ___ Ill. 2d ___, ___, ___ N.E.2d ___, ___.) However, in other jurisdictions courts have considered the question. The Supreme Court of Arkansas rejected a compensation insurer's argument that it had an interest in an employee's recovery on an uninsured motorist policy, for the reason that the uninsured motorist recovery was dependent on a tortious injury. The court reasoned that uninsured motorist coverage protects the insured employee, not the uninsured motorist. An action to recover on an uninsured motorist provision is an action in contract between the insured and the insurer. The compensation carrier has no right to any recovery based on the employee's insurance contract. (*Travelers Insurance Co. v. National Farmers Union Property & Casualty Co.* (1972), 252 Ark. 624, 480 S.W.2d 585.) The Supreme Court of Kentucky has held that the compensation carrier has a right of subrogation against third-party tortfeasors liable at common law for the employee's injury, but that there is no right to recover against the employee's uninsured motorist insurer whose liability to the employee is contractual. *State Farm Mutual Insurance Co. v. Fireman's Fund American Insurance Co.* (Ky. 1977), 550 S.W.2d 554; accord, *Brunmeier v. Farmers Insurance Exchange* (1973), 296 Minn. 328, 208 N.W.2d 860; *Horne v. Superior Life Insurance Co.* (1962), 203 Va. 282, 123 S.E.2d 401; *Rhodes v. Automotive Ignition Co.* (1971), 218 Pa. Super. Ct. 281, 275 A.2d 846; *Commissioners of the State Insurance Fund v. Miller* (1957), 4 App. Div. 2d 481, 166 N.Y.S.2d 777.

Following the reasoning of the opinions cited above, we find that the city has no interest in any payments to Cummings under the uninsured motorist provisions of his policy because the city's right to reimbursement is against the person causing the injury. Payments made to the defendant Cummings under his uninsured motorist policy will not inure to the benefit of his employer. The granting of summary judgment against Cummings was improper.

Although our conclusion makes it unnecessary to decide Cummings' further contention that the policy provision allowing the insurer to reduce the amount of the uninsured motorist payments by the amount of workmen's compensation paid or payable to the insured is invalid as violative of public policy, we note that this argument has recently been rejected by the supreme court in *Stryker v. State Farm Mutual Automobile Insurance Co.* (No. 49919, October 6, 1978) ___ Ill. 2d ___,

___ N.E.2d ___, adhering to its opinion in *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295.

The summary judgment against Nicholas Jason is affirmed. The summary judgment against Bruce Cummings is reversed and the cause is remanded with directions to enter judgment in his favor.

Affirmed in part and reversed in part and remanded with directions.

McGLOON and BUCKLEY, JJ., concur.