JUSTICE DONOVAN, dissenting: Following the reasoning of Terry v. State Farm Mutual Automobile Insurance Co., 287 Ill. App. 3d 8, 677 N.E.2d 1019 (1997), I must dissent. Under the terms of the uninsured-motorist policy provisions of the Pekin Insurance Company (Pekin) policy, Pekin was entitled to a setoff of the full amount of the workers’ compensation benefits received. Plaintiff Billy Taylor acknowledges that the policy provision allows such a setoff, and case law supports these provisions. See Ullman v. Wolverine Insurance Co., 48 Ill. 2d 1, 6, 269 N.E.2d 295, 298 (1970) (workers’ compensation payments may be deducted from benefits received under an uninsured-motorist policy with no violation of Illinois public policy); see also Sulser v. Country Mutual Insurance Co., 147 Ill. 2d 548, 591 N.E.2d 427 (1992) (an insurer is allowed to reduce liability coverage under an underinsured-motorist policy by the amount of workers’ compensation payments made to the insured). He argues, however, that he is also entitled to a reduction of the setoff amount, pursuant to section 5(b) of the Workers’ Compensation Act (Act) (820 ILCS 305/5(b) (West 1998)), reflecting the 25% attorney fees afforded for the recovery of a lien. I disagree. There was no recovery of any lien from a third-party tortfeasor. “Out of any reimbursement received by the employer pursuant to this Section the employer shall pay *** in connection with such third-party claim, action[,] or suit *** such attorney 25% of the gross amount of such reimbursement.” (Emphasis added.) 820 ILCS 305/5(b) (West 1998). We are faced here with a contractual setoff, not a third-party claim and lien. No monies were paid back to the workers’ compensation carrier or employer. There simply was no recovery or reimbursement triggering the reduction for 25% attorney fees under section 5(b) of the Act. I therefore believe the order granting Pekin’s motion to dismiss should be affirmed.